IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| JUSTIN DANIEL CAISALITIN ROCHA,<br><br>Petitioner,<br><br>vs.<br><br>PAMELA BONDI, in her official capacity as U.S. Attorney General, et al.,<br><br>Respondents. | 0:26-CV-1084<br><br>ORDER |

The petitioner seeks immediate release from U.S. Immigration and Customs Enforcement custody in the Cibola County Correctional Center in Milan, New Mexico. Filing 1. But generally, habeas jurisdiction lies in the district of confinement. *E.g., Trump v. J.G.G.*, 604 U.S. 670, 672 (2025); *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).

The petitioner asserts that exceptions to the so-called district of confinement rule apply in this case. Filing 1 at 3-5. The exceptions asserted have been applied where a petition is filed when the petitioner's location is unknown at the time of filing. *E.g., Ozturk v. Trump*, 777 F. Supp. 3d 26, 31 (D. Mass. 2025); *Suri v. Trump*, 785 F. Supp. 3d 128, 136 (E.D. Va. 2025); *Aleksander B. v. Trump*, No. 26-cv-170, 2026 WL 172435, at *1 (D. Minn. Jan. 22, 2026).

This petition, however, indicates that counsel knew the petitioner had been transferred to New Mexico at the time of filing. *See* filing 1 at 6. The circumstances under which the government relocated the petitioner are not a basis for this Court to exercise jurisdiction. *See Padilla*, 542 U.S. at 454 ("There is no indication that the Government refused to tell [petitioner's] lawyer where

he had been taken. The original petition demonstrates that the lawyer knew where [petitioner] was being held at that time . . . . In these circumstances, the basic rules apply"). Instead, the appropriate action is to transfer this case to the District of New Mexico for prompt resolution. Accordingly,

IT IS ORDERED that the Clerk of the Court immediately effect transfer of this case to the United States District Court for the District of New Mexico.

Dated this 5th day of February, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge